[No. C. D. 3585. *En Banc.* December 21, 1961.]

*In the Matter of the Disciplinary Proceeding Against* JAMES P. MAHONEY, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

*Leo H. Fredrickson,* for respondent.

PER CURIAM.—James P. Mahoney was admitted to practice law in Washington on March 6, 1950. In view of our order of disbarment herein, we disregard the first two of the three charges in the instant formal complaint against him because one was dismissed and the other carried only a recommendation of suspension for ninety days.

The third charge, and the one with which we are here concerned, was that the respondent forged a client's name and the name of a notary public on a verification to a complaint. He filed the complaint with the Clerk of the Superior Court without any authority from his client so to do. His statement about this was that he was apprehensive that his client was about to hire another lawyer,

*Reported in 367 P. (2d) 148.

and that he did these things to assist him in collecting an attorney's fee previously earned.

The Board of Governors of the Washington State Bar Association adopted the findings of the trial committee embodying these facts and approved its recommendation that the respondent be disbarred.

The *private* conduct of an attorney may involve various degrees of moral turpitude, lack of competence, or reliability according to the nature of his acts and the degree of provocation for them. As to such acts, there may be many different recommendations and opinions.

That is not so in the instant case. We are here concerned with the wrongful acts of an attorney in his capacity as an officer of the court. Such acts as his corrupt the judicial process itself and, if of frequent occurrence, would bring both the courts and the legal profession into disrepute and destroy public confidence in judicial integrity.

We adopt the recommendations of the board of governors. It is hereby ordered that respondent be disbarred and his name stricken from the roll of attorneys permitted to practice law in this state.

WEAVER, J., did not participate.

HUNTER, J. (dissenting) — I dissent. The disciplinary action ordered by the court in this case is not in keeping with the long-established policy with regard to the purpose of rules for the discipline of attorneys. We have consistently recognized that such action is not ordered for the purpose of punishment, but only for the protection of the public. *In re Purvis*, 51 Wn. (2d) 206, 316 P. (2d) 1081 (1957).

I do not believe the circumstances of the misconduct of the respondent require the respondent's disbarment for the public's protection in the instant case. An order of suspension would be proper disciplinary action in view of the record.